All right, our next case is 23-7022, United States v. Harjo. Ms. Stanchett, take your time. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, my name is Sandy Baggett. I represent the defendant appellate Joseph Harjo. Your Honor, I'll be honest. I'm happy to jostle around the order of the issues. They are quite different. And if the Court would like for me to prioritize one or the other, I'm happy to do that. Otherwise, I'll proceed as in the briefing. I wouldn't mind if you started on the Rule 414 issue. I can do that. That's essentially what I was asking. Thank you, Your Honor. Your Honor, on the 414 and 403 issue in this court, the real question is, if you look at the trial in its totality and everything that occurred, there are, granted, individual little tiny rules that this court has found on small parts of when 414 evidence may be allowed, how it should be allowed, whether it is cumulative, what types of factors may be considered. And granted, if you looked at one of those in standards on individual little parts. But what I'm asking the Court is to look at it in its totality and everything, all of the small decisions, and there were many of them related to 414 and 403 that occurred in this trial, that the totality of those meant that this defendant did not get a fair trial. And by that, I mean the judge initially took the government's proffer of what these individual witnesses were saying at face value without evaluating any of the other evidence that was raised by the defendant to undermine the credibility and the statements of these individual witnesses. He had already been acquitted of conduct of two of the witnesses, and then for the other three, they had made statements to both Child Welfare Services and to the Tulsa County Police Department, the Tulsa County District Attorney's Office, many years before this trial, which was a retrial. And nobody believed them. Your objection here really is that the District Court abused its discretion in its gatekeeping role. That's correct. And I think as a general matter, the government can proffer testimony in the way that it did here. And is your objection that you wanted basically a pretrial credibility determination by the District Court or some kind of admissibility finding? When I think that there are significant doubts raised about that proffer, then the District Court has to do some step further. I mean, the government is arguing the District Court doesn't have to do anything, that they literally can take the proffer at face value. But in this case, there were substantial issues raised about that proffer. Number one, that for example, the two children where the conduct was acquitted, the children either to Child Welfare Services or in the trial. And further, the District Court knew that when the government made those proffers, the government didn't know where the witnesses were, had never met them, had never interviewed them. And that's the argument you made in the District Court. And the District Court said, you know, I'm overruling those objections. But what should he have done? Brought the witnesses in? And then just tell me what should have happened here. Yeah. I mean, our position obviously is that there should have been some type of pretrial hearing when the 414 witnesses were not the subject of a is the situation where those worries are kind of overcome. The worries about is the conduct sufficiently proven and could a jury find by preponderance of the evidence that the conduct occurred. Those are really the two things that we're talking about here. What case are you relying on or cases to support our understanding of when a hearing would be required for 414 evidence? If I can just flip to my brief. Sorry, I didn't write down the name of the case. Your Honor, I'm citing from page 30 of my opening brief, the Benally case, Your Honor. In that case, this court reviewed a district court that did hold a hearing 414 witnesses who had not been the subject of a prior conviction by the defendant. And the court approved the procedure. I'm sorry, Your Honor. Go ahead. Excuse me, I didn't hear the name of the case at all. The case is Benally, Your Honor. B-E-N-A-L-L-Y. That's a 2007 case from this court. Our other cases say that a hearing is permissible but not required. Right. And I guess the question here is, when is a hearing? Does there come a point where a hearing should be required? And I'm arguing that in this case it should have been. Because there have been no convictions based on those. Because there have been no convictions, the prosecutor had done nothing to try to look into the credibility of the witnesses or the credibility of their statements. The Tulsa County District Attorney did not believe the witnesses. Child Welfare Services did not believe them. And in addition, the defense had proffered an expert witness that looked at the entire Child Welfare Services file and found that it was highly likely that the three witnesses who were not subject to a trial had fabricated memories because the defendant didn't even have access to them at the time. They were living with their mother and her boyfriend, who was an entirely different person. So we've never addressed the precise issue that you're bringing, right? Because in Benally there was a hearing and we affirmed that procedure. Exactly. Is there any other law that you can point us to that would provide some sort of parameters for district courts to consider when a hearing might be required, if it's just permissible and not required? Your Honor, I mean, I think that there is no law on this. I mean, that's really the question before the court. Why do you think that is so? I mean, it seems like there is no law on this. It is the district court's discretion to hold the hearings sort of in the atmosphere of what its duties are. And then 414 has this balancing 403 component to it. Right. So my guess would be, and this is just speculation, is that because for the most part, district courts do hold hearings when they are not the subject of a prior conviction. And for the most part, at least in my experience, the government doesn't proffer 414 witnesses who were not already the subject of a conviction. So this is just an unusual circumstance. It's an unusual set of facts, I think. You did get a limiting instruction before each witness and an opportunity to cross-examine. It was well done. But you didn't ask for a mistrial after any of the witnesses. And to the extent they had the flaws that you suggested, they were liars or whatever, shouldn't you have asked the court to do over there? No. The court, in its pretrial rulings, had said that if, on the defense objections for each of these witnesses, it found that a mistrial was appropriate, that the court would enter a mistrial. And so I think the issue was preserved. And because the court had asked defense not to go into lengthy objections in front of the jury related to the 414 witnesses, so there was basically a shorthand. Employed at the trial, which encompassed all of the defense's prior objections to these witnesses, with just a simple object to the witness during the course of the trial. But the court had made it clear that, yeah. Was there any exculpatory materials that were ever provided by the government? Exculpatory to what? What do you mean by that? Relating to the other victims. No. Was it impossible for you to interview the victims or the human services people that might have interacted with them? What opportunity for other investigation did you have? Because of the age of the case, and it was a retrial, all of the child services people were no longer working at that agency. We did try to reach them. We also did attempt to interview some of the 414 witnesses and their mother, and they refused to speak to us, not surprisingly. Can I ask you to clarify your position on what our standard of review is? Because it seems that from what you're describing today and in your brief, you're making a truly legal argument about the court's gatekeeping role and when an evidentiary hearing should be held and so forth. And the government points out that de novo review is limited to circumstances where the record sheds insufficient light on how the district court viewed the proffered evidence and cites to our McVeigh case. And by your reply brief, it seems like you accept that formulation and that we are on abusive discretion review. So where are we in terms of reviewing the error that you are bringing forth? Your Honor, I also cited McVeigh in the opening brief, and my reading of that case is that where the district court fails entirely to perform a gatekeeping function, then it is de novo under McVeigh. That's my reading of the rule in that case, and that is our position. The reply brief just demonstrates how much the district court abdicated that responsibility to the government. In other words, everywhere where we asked the district court to make a ruling, they said, oh, well, we will rely on the government to make sure it doesn't become a mini trial. We will rely on the government to make sure there's not an improper jury finding or an improper verdict. The court repeatedly, we will rely on the government to get the Tulsa County files and provide them. We will rely on the government's proffer and assume that they will do due diligence and make sure that the witnesses really are going to say these things before they go to trial. So in other words, he completely abdicated everything to the government in making sure that the defendant received a fair trial. And the government did none of those functions, and the result is a trial that was dominated by these witnesses who came and testified that they were raped at gunpoint. I don't even know that the jury could remember who the original witness was, and the actual witness for the trial, the charge, didn't even identify the defendant at the trial. So your answer is we're on de novo review? Yes, Your Honor. Can I ask a question, please? As I understand the response to Judge Rossman, you're asking for us to design some kind of a rule similar to the government requirements that the judge be the keeper and start off with a hearing before any of that can be admitted and make a determination. Is that what your colleague is asking us to do? No. In this statute, create a rule that says that the district judge has to use similar to a dollar. Your Honor, I'm not asking, and I don't think it would be appropriate to have a rule where in every single case there has to be a pretrial hearing. But what I do think the rule should say is that where there is proffered evidence by the defense or where that undermines the credibility of the proffer given by the government, then there must be more inquiry from the court, whether that is asking for affidavits from the witnesses. I mean, if you don't want to say that they have to actually come in court and appear twice in court. So is your argument then under McVeigh that the record here did not put the district court in a sufficient position to understand the proffer, to fully understand the proffered evidence? I think the district court could have if he wanted to. He just ignored absolutely everything and said the government has assured me that this is OK and I'm going to take the government's assurance. Well, there was a motion for reconsideration on this topic, right? I mean, he approved it and then you came back and asked for an additional hearing. There was briefing and a hearing on it, right? There was a hearing on whether to have a hearing. I wouldn't ask multiple times for a hearing, Your Honor, including I believe the day the trial started. It was obviously a critical issue for the trial, right? Particularly with the charged witness unable to identify the defendant in the trial. All right. Well, your time's expired. I'll give you some time for rebuttal. Thank you. May it please the court. My name is Linda Epperle. I'm an assistant United States attorney and I represent the government in this case. We believe that there are two main considerations for the court today. The Indian country, the Indian jurisdictional issues that we believe are precluded from consideration because this panel is required to follow the law of the Supreme Court and prior decisions of this panel. And as tempting as it was for me to try to avoid those arguments, I don't think that they're truly before the court today for decision. The 414 matter, Your Honor, we believe that the trial judge correctly exercised jurisdiction in allowing the five minor at the time that they were abused witnesses to testify. And the court wisely did that without requiring an evidentiary hearing, which would force these witnesses to testify twice. Is that a proper consideration? Excuse me, Your Honor? Is that a proper consideration under 414 that it would, there's no doubt it would be re-traumatizing, but is that a proper consideration for the court in its decisional process? It is not one of the listed factors of the many that the court has to go through in this analysis, whether it would be traumatizing. However, there is, I believe, as far as looking at the reasoning for 414, which was the nature of these crimes and Congress taking the unique step of saying, we're going to allow an exception here for propensity evidence. It would be an anathema to the considerations that require passage of 414 to then say, but we're going to make these witnesses, unlike the other witnesses in the trial, come in for a mandatory preliminary hearing that will create a record that could then be used against them at the time of trial. If the court, as the court here could, based upon the information that was provided, make a decision that the trial jury could reasonably decide by preponderance of the evidence that these prior events occurred, that should be sufficient. It seems like that, given the unique nature of these types of witnesses and the preponderance burden of proof, it seems like that does suggest that in the right circumstances, the district court ought to take a closer look at certain witnesses. Factoring in the age at the time, lack of any criminal prosecution based on the allegations, the hearsay allegation, didn't Ms. Baggett create enough of a unique atmosphere here where further investigation would have been prudent for the trial court before letting in this testimony, which is pretty devastating? No, Your Honor. It was not required here. And I do not believe that at the time of trial there was enough of an impetus, enough evidence proffered. The counsel has discussed in briefing and in argument today the evidence that was proffered by the defendant, which would require a hearing. But there was not, to my knowledge, evidence proffered that would have barred the trial court from making the decision it did. Yes, two of these victims involved conduct that was acquitted in a state court. But conduct in a state court was judged beyond a reasonable doubt. A jury here only had to find that that conduct occurred by a preponderance of the evidence, number one. Number two, we don't know what their ability to testify at the age of that state trial is versus their ability to now explain in a clearer terms now that they're older exactly what occurred. Secondly, the court ruled correctly that the defense requested subpoena to the Tulsa County DA's office would not be proper, would not result in relevant evidence. There were concerns of attorney work product. There were concerns about whether one person at the Tulsa County DA's office believed these children or whether they did not or whatever the basis of the decision was. Don't you think there might have been a good chance of relevant material for cross-examination purposes? Well, the defense had, Your Honor, the benefit of that information for cross-examination purposes. First of all, the court during the trial required that those documents, and I confess that I'm not as clear on exactly how the court ordered the government to eventually go gain the documents. Those were provided during trial. The court gave the defense a 30-minute recess to review those matters, and cross-examination took place. The defense did not say we need more time. The defense did not say we need to go interview some more witnesses now that we have the documents. So the defense had the benefit of that during the trial, and it didn't really matter as far as the witness testimony. That's the first thing. The evidence that the defense relies upon from their witness who examined the records and would have said basically these witnesses lack credibility, again, that's not relevant evidence. The judge correctly excluded that expert's testimony as something that would be invading the province of the jury, number one, and number two, found that the evidence found that that expert was not qualified to make those determinations, even if that's something that the jury might have been able to hear about from a different qualified expert. So if it's the government's position that a hearing was not necessary in this case, under what circumstances would a hearing be required? I believe that there are some considerations, and there are some considerations that are found in the Njoti decision under that second prong that look at some of the things the court is to consider. Similarity of the prior conduct, the time lapse or lack thereof between the other act and the charged acts, the frequency of the protocols, are there intervening events, and is there a need for other testimony beyond what the victim and witness have said? And should the defense be able to proffer other witnesses who would challenge on a factual basis the underlying story or provide some sort of proof or potential proof that there was a fabrication with these other witnesses, then there might be a need for a hearing, but that's not what's found here. These victims, the proof was, barely knew each other. Many of them didn't know one another or they hadn't seen each other in years. It's not a case where, in some similar cases, you might have a group of kids who all of a sudden all decide that an action of abuse took place, and there's a potential concern that they might have gotten together and made up this story. That didn't happen here. The court found that these acts were similar, so it's not as if they were describing events that were completely unrelated to one another. There was not a long time lapse, although this court has allowed, in prior cases, extreme time lapses far beyond what is seen here. I guess I struggle to lay out for the court an exact test that would need to be made before that evidentiary hearing would outweigh the risk of making these kids testify twice. But I can say that those factors are not present in this case. On the similarity piece, one of the witnesses accused him of rape at gunpoint, and that testimony, the trial was over after her testimony. At some point, the prejudice balancing can veer into an abuse of discretion, or maybe this testimony should have been limited in some fashion. I would concur that that would be the closest call in this matter, but again, it is evidence that demonstrates a propensity to commit sexual abuse of children. And that victim, I believe, was somewhat older than some of the other very young victims, which may be why that firearm was required. But it's still evidence that a jury could reasonably find by a preponderance of the evidence, and therefore, under the widely expansive parameters of Rule 414, I believe it was correct for the judge to admit it. If it had been incorrect, the defense had the opportunity to move for a mistrial at the time, and as you have pointed out, they did not. The court would hear the witnesses, that the government was in effect acting at its own risk in calling them, and if they gave testimony that was unbelievable, that couldn't convince the jury, the judge would declare a mistrial. Now, I think that my opposing counsel attempted to lay the responsibility for that decision on the district judge. Because the judge found that he would have granted a mistrial if the testimony was improper, perhaps the defense had no obligation to move for a mistrial. That seems to me a dangerous proposition. As defense lawyers, there are decisions that have to be made in the courtroom in the minute of that trial as to whether or not it's better to ask for a mistrial, or whether to take what you have gotten, proceed to a jury with the belief that you can get a verdict that's favorable to the defense. And that is a decision that needs to be made by the client and the defense attorney, and not by the district judge on a whim without a motion being made. That seems a real danger in adopting that course of conduct. Basically, we would also argue that although there was discussion today of the totality of the circumstances, I don't see that as part of the term of art that's in the test that's provided. And while we have discussed things like the subpoenas to the district attorney's office, the defense expert, they're not being 302s on pretrial witnesses at what point the government ever located them before trial. And I don't know the answer to that. None of those other factors were raised as issues for appeal. They were not challenged on appeal. So they play into, perhaps, the milieu surrounding this 414 decision. But they are not properly before this court as issues on appeal. We have five witnesses here, and our cases suggest at some point the testimony becomes cumulative. And why wasn't that the case here? What aspect of each victim's testimony made it corroborative rather than just piling on? I believe that, first of all, I do not believe that there was an, I could be wrong, but I do not believe there was an objection made by the defense that the testimony was cumulative. I think there was pretrial. I know that this matter was discussed at the trial level on at least four different occasions with four sets of briefings. Discussion of the pretrial, discussion of the trial. And I truly do not recall whether that was true. But these witnesses gave accounts at different times, some of which occurred in the bed, some of which occurred under other circumstances. And if we had gone to, you know, 8, 9, 10, 11 victims, that might have been true. With these, we had two of these children who were closely related to this defendant, three who were not. We had it occurring again over a variety of different times. Defense suggested that the defendant didn't have access to three of the victims, but did have access to the other two. So there were a number of factors that made each witness's testimony important here as demonstrative of this defendant's propensity to abuse children. If there are no further questions, we would ask the court to affirm. Thank you, counsel. Amy, could you give one minute for rebuttal? Thank you, Your Honor. Your Honor, just a few housekeeping things. There was a supplemental authority raised by the government in the United States versus Gordon case in the Ninth Circuit. That case is a pending filing of a cert petition on the question of the constitutionality of the MCA. So just so this court is aware that that is due by February 16th. Your Honor, in terms of the rebuttal to some of the comments that were made by the government, in terms of the documents that were turned over from the Tulsa County District Attorney's Office in the middle of the trial, it was just a single ledger entry saying that they were going to decline prosecution. There were no witness statements, notes of witness, interviews. There was not even a notation on who the prosecutor was that may have conducted the interviews. The district court found that the expert was not qualified without allowing defense to respond to the government's motion to disqualify that expert. Literally issued a decision, said, I'm sorry, I didn't allow the defense to reply, but I'm going to find that he's not qualified. And it's clear on the face of his resume that he was qualified for the testimony that he was asked to provide. And it wasn't just to provide at the trial in front of a jury. It was to provide, to educate the court on what false memories are in children like these. The kids were all related. That's in the record. Three of them, the three slightly older ones, were his actual children. And the two other ones were cousins. And the three older kids attended the trial where the defendant was acquitted of the allegations of the other two. So there was significant relationships between all of the children. Thank you, counsel. Your time has expired. Appreciate the arguments this morning. Counsel is excused and the case will be submitted. That's all right. You were done.